MEMORANDUM **
Adonai El-Shaddai, a California state prisoner, appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials confiscated and destroyed his personal property in violation of his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s grant of summary judgment, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.
The district court properly granted summary judgment because El-Shaddai failed to raise a triable issue of material fact as to whether the prison’s inmate property policy violated his constitutional rights. See Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (explaining that a prison regulation that impinges on an inmate’s First Amendment rights is valid if it is reasonably related to legitimate penological interests); Hudson v. Palmer, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (stating that prisoners have no Fourth Amendment right of privacy in their prison cells); Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a liberty interest is created if the deprivation “imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.”).
Further, El-Shaddai cannot establish a section 1983 claim for intentional deprivation of property without due process of law, because California law provides an adequate post-deprivation remedy. See Hudson, 468 U.S. at 533, 104 S.Ct. 3194 (holding that a prisoner cannot state a constitutional claim for deprivation of a property interest where the state provides an adequate post-deprivation remedy); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (per curiam) (“California law provides an adequate post-deprivation remedy for any property deprivations.”).
El-Shaddai’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.